
FILED
AUG 15 2017
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA )
)
v. ) Criminal No. 3:07CR37-HEH
)
DURON DEMONT ANDERSON, )
)
Petitioner. )

## MEMORANDUM OPINION
(Denying 28 U.S.C. § 2255 Motion)

Duron Demont Anderson, a federal inmate proceeding *pro se*, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion," ECF No. 24).[1] The Government has responded, asserting that Anderson's § 2255 Motion is barred by the statute of limitations and that it is meritless. For the reasons set forth below, Anderson's § 2255 Motion will be dismissed as barred by the statute of limitations.

## I. PROCEDURAL HISTORY

On March 30, 2007, Anderson pled guilty to possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(b)(1)(C), as charged in Count Two of the Indictment against him, and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c), as charged in Count Three of the Indictment against him. (*See* Presentence Investigation Report ("PSR") ¶ 6, ECF No. 22.) On July

---

[1] The Court employs the pagination assigned to Anderson's § 2255 Motion by the CM/ECF docketing system.

2, 2007, the Court entered judgment and sentenced Anderson to 240 months of imprisonment on Count Two, and 60 months of imprisonment on Count Three, to be served consecutively. (*See* Gov't's Resp. 1.) Anderson did not appeal.

On June 13, 2016, Anderson placed the present § 2255 Motion in the prison mail system for mailing to this Court. (§ 2255 Mot. 13.) The Court deems the § 2255 Motion filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). In his § 2255 Motion, Anderson contends that his conviction under § 924(c) is now unconstitutional pursuant to the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). (§ 2255 Mot. 4.)

## II. ANALYSIS

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

### A. 28 U.S.C. § 2255(f)(1)

Because Anderson did not appeal, under 28 U.S.C. § 2255(f)(1), his conviction became final on Tuesday, July 17, 2007, the last date to file an appeal. *See United States v. Clayton*, No. 3:07CR488, 2010 WL 4735762, at *3 (E.D. Va. Nov. 15, 2010) (citing *Arnette v. United States*, Nos. 4:01CR16, 4:04CV122, 2005 WL 1026711, at *4 (E.D. Va. May 2, 2005)); Fed. R. App. P. 4(b)(1)(A) (effective until December 9, 2009) (requiring defendant to file an appeal within ten (10) days of the entry of judgment). Hence, Anderson had until Thursday, July 17, 2008 to file any motion under 28 U.S.C. § 2255. Because Anderson did not file his § 2255 motion until June 13, 2016, the motion is untimely under 28 U.S.C. § 2255(f)(1).

### B. Belated Commencement

Anderson contends that his § 2255 Motion is timely under 28 U.S.C. § 2255(f)(3) because the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 1551 (2015) is a new right that is retroactively applicable to cases on collateral review. (§ 2255 Mot. 4.)

In order to obtain a belated commencement of the limitation period under § 2255(f)(3), a petitioner "must show: (1) that the Supreme Court recognized a new right; (2) that the right 'has been . . . made retroactively applicable to cases on collateral

3

review'; and (3) that he filed his motion within one year of the date on which the Supreme Court recognized the right." *United States v. Mathur*, 685 F.3d 396, 398 (4th Cir. 2012). If the Supreme Court "decides a case recognizing a new right, a federal prisoner seeking to assert that right will have one year from [the] Court's decision within which to file his § 2255 motion." *Dodd v. United States*, 545 U.S. 353, 358–59 (2005). Under that provision, "[t]he meaning of 'right asserted' in 28 U.S.C. § 2255[(f)](3) is the substantive right that forms the basis for the § 2255 motion . . . ." *Outler v. United States*, 485 F.3d 1273, 1280 (11th Cir. 2007).

Anderson is correct that the *Johnson* Court recognized a new right that is retroactively applicable to cases on collateral review. In *Johnson*, the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act [("ACCA")] violates the Constitution's guarantee of due process." 135 S. Ct. at 2563.[2] In *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court held that "*Johnson* announced a substantive rule of law that has retroactive effect in cases on collateral review." *Id.* at 1268.

---

[2] The ACCA provides that

> [i]n the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . .

18 U.S.C. § 924(e)(1). Under the residual clause, the term violent felony had been "defined to include any felony that 'involves conduct that presents a serious potential risk of physical injury to another.'" *Johnson*, 135 S. Ct. at 2555 (quoting 18 U.S.C. § 924(e)(2)(B)).

Here, however, Anderson was never subject to a sentence enhancement under the ACCA. Rather, Anderson seeks to extend *Johnson* to invalidate his conviction under 18 U.S.C. § 924(c)(1)(A), which states:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime - -
> **(i)** be sentenced to a term of imprisonment of not less than 5 years.

18 U.S.C. § 924(c)(1)(A). The Supreme Court has not yet decided whether *Johnson* invalidates the "residual clause" of § 924(c)(3)(B), which defines a "crime of violence" to include any felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B). Nevertheless, the *Johnson* decision has no applicability to Anderson's case, as his conviction under 18 U.S.C. § 924(c)(1)(A) was predicated on a drug trafficking crime, not a crime of violence. *See United States v. Hare*, 820 F.3d 93, 105–06 (4th Cir. 2016). Accordingly, Anderson cannot rely upon the *Johnson* decision to render his § 2255 Motion timely filed under 28 U.S.C. § 2255(f)(3). *See Stanley v. United States*, 827 F.3d 562, 565 (7th Cir. 2016) ("Because the classification of this conviction is unaffected by *Johnson*, § 2255(f)(3) does not grant

[petitioner] a fresh window to file a collateral attack."). Thus, Anderson has failed to demonstrate any basis for excusing his failure to comply with the statute of limitations.[3]

## III. CONCLUSION

For the foregoing reasons, Anderson's § 2255 Motion (ECF No. 24) will be denied. The action will be dismissed. A certificate of appealability will be denied.

An appropriate Order shall issue.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Aug. 15, 2017
Richmond, Virginia

---

[3] Neither Anderson nor the record suggest a basis for a belated commencement of the limitation period under 28 U.S.C. § 2255(f)(2) or (4), or for equitable tolling.